# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SALEEM D. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-150 (WLS) |
| OFFICER DIXON, | : |
| Defendant. | : |

## ORDER

Before the Undersigned are *pro se* Plaintiff's Objection to Non-dispositive Magistrate Order (Doc. 108), which denied Plaintiff's Motions to Compel Discovery (Docs. 104; 105), and Plaintiff's Motion to Expedite Considerations of Objections on Magistrate's Oder (Doc. 109).

## RELEVANT BACKGROUND & PROCEDURAL HISTORY

As an initial matter, the Undersigned first notes that the above-styled case was initially presided by the late Honorable Hugh Lawson and has been recently reassigned to the Undersigned as of April 2024.

Previously, on November 8, 2021, Plaintiff Williams, a *pro se* prisoner in Hancock State Prison in Sparta, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Georgia Governor Brian Kemp, Officer Dixon, and others "intentionally disregard[ed]" Plaintiff's "certified mail.". (Doc. 1, at 3–5). In December of 2021, United States Magistrate Judge Thomas Q. Langstaff issued an Order and Recommendation (Doc. 7), recommending that Plaintiff's claim of denial of access to courts proceed against Defendant Dixon. Judge Lawson adopted the Recommendation. (Doc. 30).

Then, in February of 2022, Defendant Officer Dixon filed a Motion to Dismiss for failure to state a claim (Doc. 27) as well as a Motion to Stay Discovery (Doc. 28). Thereafter, Plaintiff filed a Response (Doc. 32) to Officer Dixon's Motion to Dismiss (Doc. 27) and also

filed an Amended Complaint against Officer Dixon (Doc. 33). Officer Dixon then filed a second Motion to Dismiss (Doc. 34) Plaintiff's Amended Complaint.

Judge Lawson denied Defendants' first Motion to Dismiss as moot on August 10, 2022 (Doc. 51) and denied Defendant's second Motion to Dismiss (Doc. 61) on March 2, 2023. The discovery period expired on November 8, 2022. (Docs. 29; 51). Defendant then moved to extend the time for discovery, after realizing that the discovery period had expired with no discovery having been conducted. (Doc. 64). Judge Lawson denied the Motion for Extension of Time and set the case for trial for June 20, 2023, while permitting Defendant to take Plaintiff's deposition. (Doc. 66). Defendant sought permission to file an out-of-time Motion for Summary Judgment (Doc. 89), which was granted by Judge Lawson. (Doc. 92). Defendant then filed a Motion for Summary Judgment on October 10, 2023. (Doc. 90).

In November of 2023, Plaintiff filed a Motion to Stay pending consideration of Defendants' Motion for Summary Judgment (Doc. 95) and Motion for Leave to Compel Defendants (Doc. 96). Judge Langstaff granted Plaintiff's Motion to Stay pending consideration of Defendant's Motion for Summary Judgment, and also reopened the discovery period until December 29, 2023. (Doc. 99).

Previously, in Plaintiff's prior Motion to Compel Defendant to Adhere to Court's Orders (Doc. 96), Plaintiff asserted that he requested "production of document and things" from Defendant, even though the discovery had been stayed. (Doc. 96, at 2). In November of 2023, Judge Langstaff ultimately (Doc. 99) denied that Motion (Doc. 96), after finding that it did not appear that Defendant had actually received any prior discovery requests from Plaintiff.

Then, in February of 2024, Plaintiff filed a Motion to Amend (Doc. 104) that Motion to Compel Defendants to Adhere to Court's Orders (Doc. 96) as well as a Motion to Compel Discovery Response (Doc. 105). In the Motion to Compel Discovery Response (Doc. 105), Plaintiff made similar arguments as he did in his Motions to Compel (Docs. 96; 104) and requested the Court to compel discovery from Defendants or, in the alternative, sanction them for not doing so. (Doc. 105-1). Plaintiff also argued that Defendant provided "evasive answers" to his discovery requests that were sent to Defendant in November and December of 2023. (Docs. 104; 105).

2

In a Response (Doc. 106), Defendant argued that Plaintiff's Motion to Compel failed to comply with the good faith conferral requirement and that Defendant has fully responded to Plaintiff's discovery requests. Defendant also attached Plaintiff's November 2023 (Doc. 105-2) and December 2023 (Doc. 105-4) discovery requests as well as Defendant's responses (Doc. 106-2) to them.

On March 14, 2024, Judge Langstaff entered an Order (Doc. 107), denying both Plaintiff's Motion to Amend the prior Motion to Compel (Doc. 104) and Motion to Compel Discovery (Doc. 105). Upon review, Judge Langstaff determined that Plaintiff's motion to compel was not made in good faith effort to confer with Defendants and that Plaintiff also failed to provide any specific detail or argument as to how exactly Defendant's discovery responses, which were provided in response to Plaintiff's prior requests for production, were inadequate. (Doc. 107, at 3). Judge Langstaff further found that Plaintiff, as the moving party, failed to meet his burden to show that the information he seeks is relevant. (*Id.*)

Consequently, on April 2, 2024, Plaintiff filed the instant "Objection to Nondispositive Magistrate Order" (Doc. 108), contending that Judge Langstaff's Order is "clearly erroneous" and asserting that the Court cannot "deny his Motion to Compel." (Doc. 108, at 2). Plaintiff further asserts that Judge Langstaff's Order is an "abuse of discretion" and was made to "avoid[] the truth." (*Id.*) Plaintiff argues that this Court "must reject" Judge Langstaff's Order. (*Id.* at 4).

## **LEGAL STANDARD**

Because Judge Langstaff's Order (Doc. 107) does not dispose of a claim or defense of any party, it is a nondispositive order. *See Smith v. Sch. Bd. of Orange Cnty*, 487 F.3d 1361, 1365 (11th Cir. 2007). Thus, to prevail on his Motion (Doc. 108), Plaintiff must show that any conclusion to which he objects or seeks reconsideration from Judge Langstaff's Order is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. Rule 72(a); 28 U.S.C. § 636(b)(1)(A).

Clear error is a highly deferential standard of review. *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted). In other words, the district court can overturn a magistrate judge's ruling

3

only if the district court is left with the definite and firm conviction that a mistake has been made. *See id.* And a magistrate judge's order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Botta v. Barnhart*, 475 F.Supp.2d 174, 185 (E.D. N.Y. 2007).

## DISCUSSION

Here, Plaintiff objects to Judge Langstaff's denial (Doc. 107) of Plaintiff's Motions to Compel (Docs. 104; 105). Upon review of the record, the Undersigned finds that Judge Langstaff's ruling is not clearly erroneous, and Plaintiff's Objection (Doc. 108) is therefore **OVERRULED**.

To begin, the Court's Local Rule 37 provides that motions to compel disclosure or discovery will not be considered "unless they contain a statement that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action." M.D. Ga. L.R. 37. Here, Plaintiff's motions state that he gave Defendant a good faith notice; however, upon review of the relevant record, the Undersigned finds that Plaintiff's alleged good faith conferral requirement is disingenuous, as it does not reflect or show evidence or documentation of actual effort to resolve the discovery dispute with the Defendant before filing the motion to compel. (*See* Doc. 105-5). Moreover, Plaintiff attached a one-page letter, which instructs Defendant, in part, "I received deleted and partial request of the discovery . . . please send me the full requested discovery and interrogatories within five (5) days . . . or I have no choice but file for a motion to compel and sanction!" (Doc. 105-5). Here, the Undersigned does not find such a letter to constitute a good faith effort to confer with Defendant to obtain the requested information from Defendant without a court action. Often, the issue of whether a movant's efforts were adequate depends on particular circumstances of the case— and in most situations, providing the opposing Party with sufficient time for an exchange of written communication that provides the Parties' respective positions as well as a follow-up telephone or in-person conference during which the Parties can efficiently seek to resolve their differences would demonstrate sincere or adequate good faith notice *See also N. Ga. Elec. Membership Corp. v. Nat'l Union Fire Ins. Co.*, No. 4:17-CV-65-HLM, 2018 WL 6422632, at *4 (N.D. Ga. Oct. 22, 2018) (citations omitted). But here, Plaintiff demanded five (5) days

4

for a further response, which the Undersigned finds to be insufficient, as a meaningful opportunity to confer would not be possible in such a short time. Therefore, the Undersigned ultimately finds Plaintiff's alleged good faith notice is unsupported and does not reflect a sincere desire to resolve the matter amicably.

Moreover, Plaintiff's demand included no particular explanation as to alleged inadequacy and only included a general reference to alleged "deleted and partial request of the discovery." (Doc. 105-5). For instance, in the Response (Doc. 106), Defendant attached her discovery response (Doc. 106-2), wherein Defendant appears to have provided proper responses and objections to Plaintiff's requests. On the other hand, a review of Plaintiff's discovery requests shows that many of his requests lack sufficient detail for a proper response. (Doc. 105-2). Essentially, Plaintiff does not explain or provide detail as to how exactly Defendant's responses are inadequate or unresponsive. Thus, it is unclear to the Undersigned as to which portions of Defendant's discovery response (Doc. 106-2) Plaintiff is calling "deleted and partial."

Ultimately, upon review of the Parties' briefs, exhibits, and Judge Langstaff's Order (Doc. 107), the Undersigned is not "left with the definite and firm conviction" that Judge Langstaff made a mistake. *Holton*, 426 F.3d at 1350. If anything, the Undersigned finds that even a skim of the record easily shows that Judge Langstaff has carefully made his ruling after considering relevant record and reviewing both Parties' arguments. The Undersigned finds that Judge Langstaff's ruling on Plaintiff's Motions to Compel Discovery (Docs. 104; 105) was not clearly erroneous. Therefore, Plaintiff's Objection (Doc. 108) is **OVERRULED**. Accordingly, Plaintiff's Motion to Expedite Consideration of Magistrate's Order (Doc. 109) is rendered moot and is **DENIED as moot**.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Objection (Doc. 108) is **OVERRULED**.

**SO ORDERED**, this 16th day of May 2024.

                                                         */s/ W. Louis Sands*
                                                       **W. LOUIS SANDS, SR. JUDGE**
                                                       **UNITED STATES DISTRICT COURT**