IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SALEEM D. WILLIAMS, : | |
| : | |
| **Plaintiff,** : | |
| : | CASE NO: |
| v. : | 7:21-cv-150 WLS–ALS |
| : | |
| OFFICER DIXON, : | |
| : | |
| **Defendant.** : | |
| _____ : | |

# ORDER

This matter is before the Court on *pro se* Plaintiff's Motion for New Trial; Altering Judgment (Doc. 124) ("Rule 59 Motion") and Plaintiff's Rule 60 Motion (Doc. 126) ("Rule 60 Motion" and together with the Rule 59 Motion, the "Motions").

## I. FACTUAL AND PROCEDURAL HISTORY

### A. FACTUAL HISTORY

The facts of this § 1983 prisoner civil rights action are set forth in the Court's Order (Doc. 122) ("Summary Judgment Order") entered September 30, 2024. Therein, the Court overruled Plaintiff's objections (Doc. 121) ("Objections"), accepted and adopted the Report and Recommendation (Doc. 118) ("Recommendation") of United States Magistrate Judge Thomas Q. Langstaff, and granted summary judgment as to all claims in favor of Defendant Officer Dixon. The facts are repeated here only to the extent necessary to resolve the pending Motions.

During the times relevant to Plaintiff's allegations, Plaintiff was an inmate at the Georgia Department of Corrections housed at Hancock State Prison ("HSP"). (Doc. 90-3 at 4), and Officer Dixon was an employee in the mailroom at HSP. (*Id.* at 7). On March 15, 2015, the Georgia Supreme Court denied Plaintiff's application for a certificate to appeal the Hancock County Superior Court's denial of Plaintiff's habeas petition. (*Id.* at 21). On March 22, 2024, Defendant delivered to Plaintiff the Georgia Supreme Court's order denying

Plaintiff's application. (*Id.* at 6). On March 24, 2024, Plaintiff placed a motion for reconsideration in the mail addressed to the Georgia Supreme Court. (*Id.* at 6–7). The Georgia Supreme Court denied Plaintiff's motion for reconsideration as untimely. (*Id.* at 7). Plaintiff blames Officer Dixon for the denial of Plaintiff's motion for reconsideration of his application for a certificate to appeal asserting an access-to-courts claim against Officer Dixon.

### B.   PROCEDURAL HISTORY

As noted, the Summary Judgment Order was entered September 30, 2024. Plaintiff's Rule 59 Motion was filed on November 6, 2024, and his Rule 60 Motion was filed November 15, 2024. Officer Dixon was ordered to respond to the Motions by November 27, 2024, and Plaintiff was permitted to file a reply thereto no later than seven days after Defendant's response was filed. (*See* Orders entered November 12, 2024, and November 22, 2024, Docs. 125, 131, respectively). Defendant's Response to Plaintiff's Motion for New Trial and to Alter Judgment and Rule 60 Motion (Doc. 33) ("Response") was timely filed on November 26, 2024.

Rather than filing a reply to Defendant's Response, which was due on or before Tuesday, December 3, 2024, Plaintiff filed a Motion for Injunction (Doc. 135). Therein, Plaintiff complains that on November 21, 2024, he was transferred from HSP to Calhoun State Prison. He goes on to assert that the transfer was made maliciously and for the purpose of preventing Plaintiff from filing his reply because documents Plaintiff allegedly needed to prepare the reply were left at HSP. The Court notes, however, that the Motion for Injunction was signed by Plaintiff on December 2, 2024, and was filed with the Court on December 9, 2024. Thus, under the prisoner mailbox rule,[1] Plaintiff could have easily filed a timely request for an extension of time to file his reply so he could obtain the documents left behind at HSP.

The Plaintiff also alleges that, as of December 16, 2024, and as of December 27, 2024,[2] he had not received a copy of Defendant's Response. To ensure Plaintiff's receipt of such

---

[1] Under the prisoner mailbox rule, a prisoner's pleading is considered filed on the date the prisoner delivers it to prison authorities for filing. Absent evidence to the contrary, in the form of prison logs or other records, it is assumed a motion was delivered to prison authorities on the day it was signed. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

[2] *See* Plaintiff's Motion for Subpoena and Sanctions (Doc. 137) signed December 27, 2024, and filed January 3, 2025, alleging that Plaintiff had not received the Response as of December 27, 2024; *see also* Plaintiff's (2nd)

2

Response after his transfer to Calhoun State Prison, the Court ordered Defendant to reserve the Response and to file a Certificate of Service certifying the date the Response was reserved. Plaintiff was ordered to file his reply within fourteen days after Defendant reserved the Response. (*See* Order Doc. 139). Defendant's Certificate of Service (Doc. 140) was filed on January 14, 2025, certifying that the Response had been reserved on Plaintiff by U.S. mail, first class postage prepaid, addressed to Plaintiff at the Calhoun State Prison on January 14, 2025. Thus, Plaintiff's reply was due January 28, 2025. Plaintiff's Reply to Defendant's Response (Doc. 141) ("Reply") was signed by Plaintiff on February 2, 2025, and was filed on February 12, 2025. The Motions having been fully briefed, are now ripe for review.

## II.    STANDARD OF REVIEW

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

### A.    PLAINTIFF'S RULE 59 MOTION

In his Rule 59 Motion Plaintiff seeks relief as if the judgment in this matter was the result of a non-jury trial. However, this case was decided on summary judgment. Thus, the

---

Rule 60 Motion (Doc. 138) signed December 16, 2024, and filed January 8, 2025, alleging that Plaintiff had not received the Response as of December 16, 2024. Plaintiff's Motion for Injunction (Doc. 135), Plaintiff's Motion for Subpoena and Sanctions (Doc. 137), and Plaintiff's (2nd) Rule 60 Motion (Doc. 138) are addressed in a separate order.

3

only relief available to Plaintiff under Rule 59 is limited to subsection (e) which allows the Court to alter or amend its judgment if a motion is filed no later than twenty-eight days after entry of the judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alterations adopted) (citations and internal quotation marks omitted).

The Plaintiff's Rule 59 Motion is not persuasive. First, the Court's Summary Judgment Order was entered September 30, 2024. Therefore, Plaintiff's Rule 59 Motion was due on or before Monday, October 28, 2024. "Under the mailbox rule, however, a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing." *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (presuming, under the mailbox rule, that a prisoner delivers his motion to prison authorities on the date he signs it "[a]bsent evidence to the contrary"). Plaintiff's Rule 59 Motion was filed November 6, 2024, but was signed by Plaintiff on October 29, 2024. (*See* Doc. 124 at 6–7). Thus, even under the prisoner mailbox rule, Plaintiff's Rule 59 Motion was late.[3]

It is well-settled that a *pro se* plaintiff's pleading will be liberally construed. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). However, liberal construction of *pro se* filings does not require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *report & recommendation adopted by* 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). Plaintiff has filed multiple motions and/or responses to motions in this Court and there is no reason that he should not be very familiar with the Federal Rules of Civil Procedure and the necessity of timely complying with those rules.

---

[3] Interestingly although Plaintiff was able to prepare and sign the Rule 59 Motion on October 29, 2024, and such Motion was filed November 6, 2024, Plaintiff asserts in his Rule 59 Motion that "[n]otice of this decision [the Summary Judgment Order] was not received by [Plaintiff] until November 9, 2024!" (Doc. 124 at 2).

4

Second, even if Plaintiff's Rule 59 Motion was filed timely, it does not provide any basis on which the Court should alter or amend its decision. In its Summary Judgment Order, this Court construed Plaintiff as making the following five objections:

> (1) Plaintiff objects to Judge Langstaff's findings in the "Background" section of the Recommendation. (2) Plaintiff objects to Judge Langstaff's reliance on Defendant's declaration. (3) Plaintiff objects to Judge Langstaff's reliance on his "forced deposition[.]" (4) Plaintiff objects that Judge Langstaff did not find that Defendant "did take [Plaintiff's] legal mail away from the prison." (5) Plaintiff objects generally to Judge Langstaff's grant of qualified immunity.

(Doc. 122 at 3 (internal citations omitted)). Plaintiff's Rule 59 Motion raises these very same objections. As noted, Rule 59(e) is not a vehicle for parties to relitigate the same issues or present arguments that they essentially disagree with the Court's decision. *Arthur*, 500 F.3d at 1343. As to Plaintiff's arguments asserting violations of various Federal Rules of Civil Procedure, such arguments were not raised in Plaintiff's Objection; and thus, are not a proper basis for granting Plaintiff's Rule 59 Motion. The Court declines to consider these new arguments.[4] *Id.*

Accordingly, Plaintiff's Rule 59 Motion (Doc. 124) is **DENIED**.

B.    **PLAINTIFF'S RULE 60 MOTION**

Rule 60 provides that a court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[4] For instance, Plaintiff asserts that under Rule 63 the undersigned, as a successor judge, was required to, but did not, certify familiarity with the record or recall any witnesses. (Doc. 124 at 1, 3). First, Plaintiff did not make this argument in his Objections to the Report and Recommendation. Second, and more significant, Rule 63 is inapplicable in this matter because the Summary Judgment Order was entered on a summary judgment motion, rather than after a hearing or trial. Whether or not each issue raised by Plaintiff in the Rule 59 Motion is specifically addressed, the Court has reviewed the Rule 59 Motion in its entirety in making its ruling.

5

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. "[A] Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir.), *cert. denied sub nom. Terrell v. McDonough*, 145 S. Ct. 273 (2024). Further, "[r]elief under Rule 60(b)(6) is only available in 'extraordinary circumstances.'" *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, 80 F.4th 1236, 1244 (11th Cir. 2023), *cert. denied sub nom. Hi-Tech Pharms., Inc. v. Fed. Trade Comm'n*, 144 S. Ct. 2603 (2024). A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b). Plaintiff's Rule 60 Motion was timely filed.

Plaintiff asserts that under Rule 60(b)(1), relief should be granted, due to the Court's "'mistake' of granting Defendant's motion (Doc. 64) over timely Objection. Specifically, under Rule 72, 'the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.' (See Doc. 66)." (Doc. 126 at 2). Doc. 64 was Defendant's motion for leave to take Plaintiff's deposition which was granted by Judge Hugh Lawson[5] by text Order entered May 2, 2023. (*See* text entry Doc. 66). Plaintiff's time to request reconsideration of Judge Lawson's May 2, 2023 order has long since lapsed. *See* Fed. R. Civ. P. 60(c) (motions under Rule 60(b)(1) must be brought no more than a year after entry of the order). In any event, Plaintiff objected to Judge Langstaff's reliance on Plaintiff's "forced deposition" in his Objections to Judge Langstaff's Recommendation, which the Court addressed in its Summary Judgment Order. (*See* Doc. 122 at 4–5) The Court declines to permit Plaintiff to relitigate this issue. *Terrell*, 98 F.4th at 1357.

Plaintiff next asserts that relief should be granted under Rule 60(b)(3) "due to the fraud, misrepresentation, and misconduct, of the Defendant and her Attorney" because Defendant lied during the HSP grievance proceeding. (Doc. 126 at 2). As support, Plaintiff latches onto

---

[5] This case was originally assigned to the late Honorable Hugh Lawson, and was reassigned to the undersigned on April 8, 2024.

the Court's statement in the Summary Judgment Order that "[i]t is unclear from the Record when, exactly, the Georgia Superior Court received Plaintiff's motion for reconsideration, but it was denied as untimely." (Doc. 126 at 2 (quoting Doc. 122 at 2)). How Plaintiff came to the conclusion that the lack of information as to when the Superior Court received Plaintiff's motion for reconsideration proves Defendant lied during the HSP grievance proceeding is unexplained. If Plaintiff believed this information was relevant to his claims against Defendant, it was his responsibility to produce such evidence to the Court in response to Defendant's motion for summary judgment. In any event, Plaintiff did not raise this argument in his Objections to the Recommendation, and the Court declines to consider new arguments raised in the Rule 60 Motion. *Terrell*, 98 F.4th at 1357.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's Motion for New Trial; Altering Judgment (Doc. 124) (Rule 59 Motion) and Plaintiff's Rule 60 Motion (Doc. 126) are **DENIED**.

**SO ORDERED**, this 2nd day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**