IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SALEEM D. WILLIAMS, : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO:** |
| v. : | **7:21-cv-150–WLS-ALS** |
| : | |
| OFFICER DIXON, : | |
| : | |
| **Defendant.** : | |
| : | |

# **ORDER**

This matter is before the Court on *pro se* Plaintiff Saleem D. Williams's Certificate of Immediate Review (Doc. 151) ("Certificate"). Therein, Plaintiff appears to have attempted to usurp the role of the Court by purporting to grant himself an immediate right to appeal signing his statement that: "Accordingly, this Court grants this Certificate of Immediate Review so that the 'ORDERS' may be reviewed by the ELEVENTH CIRCUIT COURT OF APPEALS." The ORDERS referred to are this Court's Order (Doc. 143) entered June 2, 2025, denying Plaintiff's Rule 59 and Rule 60 motions, and a second Order (Doc. 144) also entered June 2, 2025, denying Plaintiff's motion for injunction, motion for subpoena and sanctions, and second Rule 60 motion. Plaintiff certifies that the Orders "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that immediate review of the 'orders' may materially advance the ultimate termination of the litigation." (Doc. 151 at 1 (citing 28 U.S.C. §§ 1291, 1292)). To the extent the Certificate requests the Court certify its Orders (Docs. 143, 144, 149[1]) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), Plaintiff's request is denied for the following reasons:

1. The Plaintiff has already filed a Notice of Appeal (Doc. 146) with respect to the Court's June 2, 2025 Orders (Docs. 143, 144). That appeal was titled *Williams v. Governor of Ga., et al.*, Case No. 25-12307 (11th Cir.). On August 5, 2025, the Eleventh Circuit dismissed

---

[1] Doc. 149 denied Plaintiff's motion essentially requesting this Court reinstate an appeal previously dismissed by the Eleventh Circuit (Case No. 24-13782) and denying as moot Plaintiff's request for an extension of time to file an appeal with respect to the Court's June 2, 2025 Orders (Docs. 143, 144) as Plaintiff's appeal had at that time been timely filed.

Plaintiff's appeal Case No. 25-12307 for want of prosecution because Plaintiff failed to pay the filing and docketing fee or to file a motion in this Court for relief from the obligation to pay in advance the full fees. (*See* Doc. 150).[2]

2. Even if Plaintiff had not already filed, and the Eleventh Circuit dismissed, an appeal with respect to the June 2, 2025 Orders (Docs. 143, 144), the Plaintiff's request would not be appropriate for the reason that the June 2, 2025 Orders (Docs. 143, 144) are final appealable orders and a certificate allowing interlocutory appeal of those Orders is unnecessary, and therefore, is inappropriate. This case has been terminated.

Accordingly, Plaintiff's requests that the Court certify its Orders (Docs. 143, 144) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED as MOOT**.

**SO ORDERED**, this 27th day of August 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes that the Docket in Appellate Case No. 25-12307 reflects that Plaintiff paid the appellate fees on August 15, 2025. Nothing further appears on the appellate docket.

2